ABRAMSON & DENENBERG, P.C.
BY:  THOMAS BRUNO, ESQUIRE
IDENTIFICATION NUMBER: 26180
1315 WALNUT ST, SUITE 500
PHILADELPHIA, PA  19107
(215) 546-1345				ATTORNEY FOR PLAINTIFF
tbruno@adlawfirm.com

_____

| | |
|---|---|
| RICHARD MARTINO | : IN THE UNITED STATES |
| 1012 MARLIN LAKES CIRICLE | : DISTRICT COURT FOR THE |
| SARASOTA, FL  34232 | : DISTRICT OF NEW JERSEY |
|     Plaintiff | : CAMDEN VICINAGE |
| | : |
| v. | : JURY TRIAL DEMANDED |
| | : |
| COUNTY OF SALEM | : CIVIL ACTION |
| 110 FIFTH STREET | : NO. |
| SALEM, NJ.  08079 | : |
|     and | : |
| WARDEN JOHN S. CUZZUPE | : |
| SALEM COUNTY CORRECTIONAL FACILITY | : |
| 125 CEMETERY RD. | : |
| WOODSTOWN, N.J.  08098 | : |
|     and | : |
| SERGEANT DEVAULT | : |
| SALEM COUNTY CORRECTIONAL FACILITY | : |
| 125 CEMETERY RD. | : |
| WOODSTOWN, N.J.  08098 | |
|     and | : |
| SERGEANT JOHN DOE # 1 | : |
| SALEM COUNTY CORRECTIONAL FACILITY | : |
| 125 CEMETERY RD. | : |
| WOODSTOWN, N.J.  08098 | : |
|     and | : |
| RESPONSE TEAM (R/T) OFFICER M. MARTIN | : |
| SALEM COUNTY CORRECTIONAL FACILITY | : |
| 125 CEMETERY RD. | : |
| WOODSTOWN, N.J.  08098 | : |
|     and | : |
| RESPONSE TEAM (R/T) OFFICER C. MULLEN | : |
| SALEM COUNTY CORRECTIONAL FACILITY | : |
| 125 CEMETERY RD. | : |
| WOODSTOWN, N.J.  08098 | : |
|     and | : |
| RESPONSE TEAM (R/T) OFFICER STILES | : |
| SALEM COUNTY CORRECTIONAL FACILITY | : |
| 125 CEMETERY RD. | : |
| WOODSTOWN, N.J.  08098 | : |
|     and | : |

| | |
|---|---|
| **RESPONSE TEAM (R/T) OFFICER LOPATIN** | : |
| **SALEM COUNTY CORRECTIONAL FACILITY** | : |
| **125 CEMETERY RD.** | : |
| **WOODSTOWN, N.J.  08098** | : |
| and | : |
| **CORRECTIONAL OFFICER UNDERWOOD** | : |
| **SALEM COUNTY CORRECTIONAL FACILITY** | : |
| **125 CEMETERY RD.** | : |
| **WOODSTOWN, N.J.  08098** | : |
| and | : |
| **CORRECTIONAL/R/T OFFICERS JOHN DOE #'S 1-5** | : |
| **SALEM COUNTY CORRECTIONAL FACILITY** | : |
| **125 CEMETERY RD.** | : |
| **WOODSTOWN, N.J.  08098** | : |
| **Defendants** | : |

# COMPLAINT

**I.  INTRODUCTION**

1. Plaintiff, Richard Martino, a pretrial detainee, brings this action for damages pursuant to 42 U.S.C § 1983 as result of serious injuries he suffered when Correctional Officers at Salem County Correctional Facility used excessive force against him during the booking process in violation of his rights under the Due Process Clause of the Fourteenth Amendment.

**II.  JURISDICTION AND VENUE**

2. The court has jurisdiction over the Federal Constitutional Claims pursuant to 28 U.S.C. §1331 and §1343 and jurisdiction over the State Law Claims pursuant to 28 U.S.C. § 1367 and the principals of pendant and ancillary jurisdiction.

3. Venue is proper under 28 U.S.C. §1391(b) because the cause of action upon which the Complaint is based arose in Salem County, New Jersey, which is in the District of New Jersey, Camden Vicinage.

4. A timely Tort Claims Notice was served by certified mail on April 15, 2020, on Defendant County of Salem, and was also served on Salem County Correctional Facility, County of Salem Sheriff's Office, and the County of Salem's Clerk's Office.

**III.  PARTIES**

5. Plaintiff, Richard Martino, is an adult citizen who at the time of incident alleged in the Complaint resided at 55 Shetland Court, Sewell, NJ 0800, and who now resides as captioned.

6. Defendant, County of Salem, is a governmental entity organized and existing under the laws of New Jersey, with its principal offices as captioned.

7. Defendant, Warden Cuzzupe, is and was at all material times the Warden of Salem County Correctional Facility (hereinafter "SCCF") who had final decision-making authority over the polices, practices and training related to the use of force by Correctional Officers at SCCF, including the named defendants, and is being sued in his official capacity. At all times material hereto, Warden Cuzzupe was acting under color state law.

8. Defendants, Sergeants DeVault and John Doe # 1, had supervisory authority over Defendants Correctional (hereinafter C.O.'s) and Response Team (hereinafter "R/T") Officers Martin, Mullen, Stiles, Lopatin, Underwood and Correctional/R/T Officers John Does #'s 1-5 (hereinafter referred to as "John Does #'s 1-5"), and at all times material hereto were acting under color of state law, in the course and scope of their employment, pursuant to the policies, practices, and customs of SCCF/County of Salem, and are being sued in their individual capacities. Sgt. DeVault and Sgt. John Doe # 1 are pictured below:





9. Defendants, R/T Officers Martin, Mullen, Stiles and Lopatin, and C.O. Underwood were at all material times Correctional/R/T Officers at SCCF, who acted within the course and scope of their employment, under the color of state law, and pursuant to the policies, practices, and customs of SCCF/County of Salem, and are being sued in their individual capacities.

10. Defendants, John Doe #'s 1-5 were at all material times Correctional/R/T Officers at SCCF, who acted within the course and scope of their employment, under the color of state law, and pursuant to the policies, practices, and customs of SCCF/County of Salem, and are being sued in their individual capacities.

IV. **OPERATIVE FACTS**

11. On February 15, 2020, Plaintiff, Richard Martino (hereinafter "Plaintiff") was arrested and taken to SCCF for processing/booking.

12. During the booking process, Plaintiff was placed in a small room, which is believed to be the "pat search room", where his handcuffs/shackles were being removed prior to being stripped searched and placed in a prison jumpsuit.

13. Defendants R/T Officers Martin, Mullin, Stiles and Lopatin, and C.O. Underwood and John Does #1-5 were in the small room with Plaintiff and words were being exchanged between R/T Officer Martin and the Plaintiff.

14. After the handcuffs/shackles were removed, Defendant R/T Officer Martin, who had exchanged words with the Plaintiff, pressed close to the Plaintiff and ordered him to stand up.

15. As Plaintiff started to comply with the order and stand up, without provocation or legal justification or cause, he was physically attacked by Defendants R/T Officers Martin and/or Mullen and/or Stiles and/or Lopatin and/or C.O. Underwood and/or John Does #'s 1-5.

16. Defendants R/T Officers Martin and/or Mullen and/or Stiles and/or Lopatin and/or C.O. Underwood and/or John Does #'s 1-5 forced Plaintiff to the ground, where Defendants R/T Officers Martin and/or Mullen and/or Stiles and/or Lopatin and/or C.O. Underwood and/or John Does #'s 1-5 grabbed the Plaintiff's left ankle and intentionally and/or recklessly and/or maliciously and/or sadistically twisted it until it broke or fractured and until the lateral ankle ligaments and the Deltoid ligaments were ruptured.

17. Defendants R/T Officers Martin and/or Mullen and/or Stiles and/or Lopatin and/or C.O. Underwood and/or John Does #'s 1-5 also grabbed the Plaintiff's left thumb, and intentionally and/or recklessly and/or maliciously and/or sadistically pulled it back until the ulnar ligament was ruptured.





18. In addition, Defendants R/T Officers Martin and/or Mullen and/or Stiles and/or Lopatin and/or C.O. Underwood and/or John Does #'s 1-5 also grabbed the fingers on Plaintiff's right hand and pulled them back, causing permanent nerve damage and numbness in the right fingers.

19. While on the ground, Defendants R/T Officers Martin and/or Mullen and/or Stiles and/or Lopatin and/or C.O. Underwood and/or John Does #'s 1-5 repeatedly punched the Plaintiff in the face.



20. At the time Defendants R/T Officers Martin and/or Mullen and/or Stiles and/or Lopatin and/or C.O. Underwood and/or John Does #'s 1-5 were twisting the Plaintiff's left ankle and pulling

his left thumb and right fingers back, and punching him in the face, the Plaintiff was attempting to comply with their orders, and was not resisting but instead was reacting to the intense pain of having his ankle twisted to the point of breaking and rupturing his ligaments, his thumb/fingers pulled back to point of rupturing the ligament and permanent nerve damage, and his face repeatedly punched.

21. After breaking the Plaintiff's left ankle and rupturing the ligaments in it, Defendants R/T Officers Martin and/or Mullen and/or Stiles and/or Lopatin and/or C.O. Underwood and/or John Does #'s 1-5 intentionally and/or maliciously and/or sadistically and/or with deliberate indifference to his serious injury, forced the Plaintiff to walk on the broken/ruptured left ankle without assistance or medical attention.

22. Defendants R/T Officers Martin and/or Mullen and/or Stiles and/or Lopatin and/or C.O. Underwood and/or John Does #'s 1-5 deliberately and/or purposefully and/or knowingly and/or maliciously and/or sadistically used force against the Plaintiff when they grabbed and twisted his ankle and pulled his left thumb and right fingers back and punched him in the face.

23. The force purposely or knowingly used Defendants R/T Officers Martin and/or Mullen and/or Stiles and/or Lopatin and/or C.O. Underwood and/or John Does #'s 1-5 against the Plaintiff was objectively unreasonable under the circumstances and resulted in serious injury to the Plaintiff in violation of his rights under the Due Process Clause of the Fourteenth Amendment.

24. During the entire incident, Defendants Sergeants DeVault and/or John Doe # 1 stood in or by the doorway to the room, directing Defendants R/T Officers Martin and/or Mullen and/or Stiles and/or Lopatin and/or C.O. Underwood and/or John Does #'s 1-5 to use the unreasonable force and/or acquiescing in or condoning their unconstitutional use of force.

25. During the entire incident, Defendants Sergeants DeVault and/or John Doe # 1 made no effort to stop the unconstitutional use of force by Defendants R/T Officers Martin and/or Mullen and/or Stiles and/or Lopatin and/or C.O. Underwood and/or John Does #'s 1-5, even though they were in close proximity, observed the entire incident, and had a reasonable opportunity to intervene or use their

authority to order the aforementioned Defendants to stop their unconstitutional use of force against the Plaintiff.

26. Defendants R/T Officers Martin and/or Mullen and/or Stiles and/or Lopatin and/or C.O. Underwood and/or John Does #'s 1-5 made no effort to stop the unconstitutional use of force by their fellow Correctional Officers, even though they had a duty to stop it, and a reasonable opportunity to intervene; instead, they directed/participated in/acquiesced in the unconstitutional use of force.

27. As the direct and proximate result of Defendants R/T Officers Martin and/or Mullen and/or Stiles and/or Lopatin and/or C.O. Underwood and/or John Does #'s 1-5 use of unconstitutional force, the Plaintiff suffered a fracture to the left ankle and a rupture of the Deltoid and secondary lateral ligaments.

28. The injury to the Plaintiff's left ankle required surgery to repair the ruptured ligaments and fracture, which was performed on July 29, 2020, and has left the Plaintiff with a disfiguring scare and permanent damage.



29.     As the direct and proximate result of Defendants R/T Officers Martin and/or Mullen and/or Stiles and/or Lopatin and/or C.O. Underwood and/or John Does #'s 1-5 use of unconstitutional force, the Plaintiff also suffered a tear/rupture to the left thumbs Ulnar Collateral Ligament ("UCL"), which required surgery to repair by doing a tendon graft and pinning the thumb, and resulted in a disfiguring scare and permanent damage.




30.     In addition, as the direct and proximate result of Defendants R/T Officers Martin and/or Mullen and/or Stiles and/or Lopatin and/or C.O. Underwood and/or John Does #'s 1-5 use of unconstitutional force, the Plaintiff also suffered nerve damage to his right hand when his fingers were bent backwards by Defendants, which has resulted in permanent numbness to the middle finger.



31.     Defendant County of Salem, by and through Defendant Warden Cuzzupe, who had final decision-making authority over all policies, practices and customs related to the SCCF Response Team, including Defendants R/T Officers Martin, Mullen, and Lopatin, and was also responsible for the training of Response Team members, including the aforementioned Defendants, failed to have adequate policies/practices/customs/training related to de-escalating inmate tension to avoid the use of force, and using excessive force on inmates, and more particularly control holds that can cause serious injury, when the need for such adequate policies/practices/customs/training was obvious.

32.     Defendants R/T Officers Martin, Mullen, and Lopatin confronted the Plaintiff in small room, where the number of Officers crowding around him made him feel threatened and put him in fear for his safety, making him more defensive instead of less.

33.     Instead of attempting to de-escalate the situation, Defendants R/T Officers Martin and/or Mullen and/or Stiles and/or Lopatin and/or C.O. Underwood and/or John Does #'s 1-5 escalated the situation by being verbally confrontational with the Plaintiff and then crowding him as he attempted to comply with their orders in an effort to make him feel intimidated and threatened.

34. When Defendants R/T Officers Martin and/or Mullen and/or Stiles and/or Lopatin and/or C.O. Underwood and/or John Does #'s 1-5 entered the small room the use of force was a foregone conclusion, and all of their actions were geared towards ensuring that outcome.

35. It is apparent from the conduct of Defendants R/T Officers Martin and/or Mullen and/or Stiles and/or Lopatin and/or C.O. Underwood and/or John Does #'s 1-5 that Defendants County of Salem/Warden Cuzzupe failed to have adequate policies/practices/customs governing the R/T Officers conduct when confronting inmates, and more specifically adequate policies/practices/customs requiring them to de-escalate the situation instead of escalating, and also failed to have adequate training requiring the R/T Officers to de-escalate inmate tension and protect the safety of the inmate, when the need for such policies/practices/customs/training was obvious, and the Plaintiff's injuries were a highly predictable consequence of their failure to have adequate policies/practices/customs/training.

36. Defendants County of Salem/Warden Cuzzupe also failed to have adequate policies/practices/customs/training on the use of excessive force, and more particularly on what constitutes a proper control hold and how to use a control hold without causing serious injury.

37. Defendants R/T Officers Martin and/or Mullen and/or Stiles and/or Lopatin and/or C.O. Underwood and/or John Does #'s 1-5 grabbed the Plaintiff's left foot, and twisted it to the point where the left ankle broke and the ligaments ruptured, grabbed Plaintiff's left thumb and pulled it so far back the UCL ruptured, and pulled the Plaintiff's right hand fingers back so far he suffered permanent nerve damage and numbness.

38. More specifically, Defendants R/T Officers Martin and/or Mullen and/or Stiles and/or Lopatin and/or C.O. Underwood and/or John Does #'s 1-5 grabbed the Plaintiff's left ankle, and continued to twist it even after the Plaintiff was cuffed and under control and there was no need for any force, until the ankle broke and ligaments ruptured.

39. Similarly, Defendants R/T Officers Martin and/or Mullen and/or Stiles and/or Lopatin and/or C.O. Underwood and/or John Does #'s 1-5 grabbed the Plaintiff's left thumb, and continued to

pull it back, even after the Plaintiff was cuffed and under control and there was no need for any force, until the ligament in the thumb ruptured.

40. It is apparent from the conduct of Defendants R/T Officers Martin and/or Mullen and/or Stiles and/or Lopatin and/or C.O. Underwood and/or John Does #'s 1-5 that Defendants County of Salem/Warden Cuzzupe failed to have adequate policies/practices/customs/training regarding what constitutes a proper control hold and how to use a control hold without causing serious injury, when the need for such policies/practices/customs/training was obvious, and the Plaintiff's injuries were a highly predictable consequence of their failure to have adequate policies/practices/customs/training.

41. Defendants County of Salem/Warden Cuzzupe had an unconstitutional policy, practice and/or custom of failing to implement adequate policies, practices or customs regarding de-escalation of inmate tension and what constitutes a proper control hold and how to use a control hold without causing serious injury, and also of failing to adequately train the Response Team members and Correctional Officers, including the named Defendants, in de-escalation techniques and the use of control holds in violation of the Plaintiff's rights under the Due Process Clause of the Fourteenth Amendment.

42. Defendants County of Salem/Warden Cuzzupe unconstitutional policies, practices and customs were the moving force and/or proximate cause of the Plaintiff's injuries.

43. As the direct and proximate result of the aforementioned actions of Defendants County of Salem/Warden Cuzzupe, and Defendants R/T Officers Martin and/or Mullen and/or Stiles and/or Lopatin and/or C.O. Underwood and/or John Does #'s 1-5, the Plaintiff suffered serious physical injuries, some of which is disfiguring and permanent, in violation of his right as a pretrial detainee under the Due Process Clause of the Fourth Amendment to be free from the use of excessive force by correctional officers.

44. As the direct and proximate result of the aforementioned actions of Defendants County of Salem/Warden Cuzzupe, and Defendants R/T Officers Martin and/or Mullen and/or Stiles and/or

Lopatin and/or C.O. Underwood and/or John Does #'s 1-5, the Plaintiff suffered emotional and psychological injuries, including humiliation, loss of reputation, loss of enjoyment of life, mental anguish and emotional distress, and will continue to suffer same for an indefinite time in the future to his great detriment and loss.

45. As the direct and proximate result of the aforementioned actions of Defendants County of Salem/Warden Cuzzupe, and Defendants R/T Officers Martin and/or Mullen and/or Stiles and/or Lopatin and/or C.O. Underwood and/or John Does #'s 1-5, the Plaintiff was obliged to and may continue to expend various sums of money and to incur various expenditures for medical treatment for an indefinite period of time in the future, to his great detriment and loss. Plaintiff's medical expenses were well in excess of Tort Claims Act Threshold.

**COUNT I – 42 U.S.C. § 1983**
**DUE PROCESS CLAUSE – EXCESSIVE FORCE**
**PLAINTIFF v. R/T OFFICERS MARTIN, MULLEN, STILES, LOPATIN and**
**C.O. UNDERWOOD and JOHN DOES #'S 1-5**

46. All the preceding paragraphs are fully incorporated herein by reference.

47. Defendants R/T Officers Martin and/or Mullen and/or Stiles and/or Lopatin and/or C.O. Underwood and/or John Does #'s 1-5 intentionally/purposefully/knowingly used force against the Plaintiff when they threw him to floor, punched him, twisted his left ankle, and pulled back the thumb of his left hand and fingers on his right hand.

48. The knowing and purposeful use of force by Defendants R/T Officers Martin and/or Mullen and/or Stiles and/or Lopatin and/or C.O. Underwood and/or John Does #'s 1-5 against the Plaintiff was objectively unreasonable under the circumstances in that the Plaintiff was not resisting and did not pose a threat of harm at the time the force was used, but instead was attempting to comply with Defendants orders, and the aforementioned Defendants continued to apply force, including twisting the Plaintiff's left ankle and left thumb, after the Plaintiff was handcuffed/restrained, in violation of his rights under Due Process Clause of the Fourteenth Amendment.

49. As a direct and proximate cause of the intentional and/or reckless actions of Defendants R/T Officers Martin and/or Mullen and/or Stiles and/or Lopatin and/or C.O. Underwood and/or John Does #'s 1-5, the Plaintiff suffered injuries that are described above.

50. The above-described actions of Defendants R/T Officers Martin and/or Mullen and/or Stiles and/or Lopatin and/or C.O. Underwood and/or John Does #'s 1-5 were so malicious, intentional and reckless, and displayed such a reckless indifference to the Plaintiff's rights and well being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. § 1983 and § 1988, Plaintiff, Richard Martino, demands compensatory and punitive damages against Defendants R/T Officers Martin and/or Mullen and/or Stiles and/or Lopatin and/or C.O. Underwood and/or John Does #'s 1-5, jointly and/or severally, in an amount to compensate the Plaintiff fairly and adequately for his injuries, plus interest, costs, attorney's fees and other appropriate relief.

**COUNT II – 42 U.S.C. § 1983**
**DUE PROCESS CLAUSE – BYSTANDER LIABILITY**
**PLAINTIFF v. SGT'S DEVAULT and JOHN DOE # 1, R/T OFFICERS MARTIN, MULLEN, STILES, LOPATIN and C.O. UNDERWOOD and JOHN DOES #'S 1-5**

51. All the preceding paragraphs are fully incorporated herein by reference.

52. Defendants Sgt.'s DeVault and John Doe # 1, and Defendants R/T Officers Martin, Mullen, Stiles, Lopatin, C.O. Underwood and John Does #'s 1-5 had a duty to intervene to prevent the use of excessive force by their fellow officers.

53. Defendants Sgt. DeVault and John Doe # 1 had a reasonable opportunity to intervene as they were standing in or near the open doorway to the room where the incident occurred, which was only a couple of feet away from the incident, and they stood there watching the entire incident.

54. Defendants R/T Officers Martin, Mullen, Stiles, Lopatin, C.O. Underwood and John Does #'s 1-5 had a reasonable opportunity to intervene because they participated in the incident.

55. Defendants Sgt.'s DeVault and/or John Doe # 1, and Defendants R/T Officers Martin and/or Mullen and/or Stiles and/or Lopatin and/or C.O. Underwood and/or John Does #'s 1-5, failed to intervene to prevent the use of excessive/unreasonable force on the Plaintiff in violation of his rights under the Due Process Clause of the Fourth Amendment.

56. As a direct and proximate cause of the intentional and/or reckless actions of Defendants Sgt.'s DeVault and/or John Doe # 1 and Defendants R/T Officers Martin and/or Mullen and/or Stiles and/or Lopatin and/or C.O. Underwood and/or John Does #'s 1-5, the Plaintiff suffered injuries that are described above.

57. The above-described actions of Defendants Sgt.'s DeVault and/or John Doe # 1 and Defendants R/T Officers Martin and/or Mullen and/or Stiles and/or Lopatin and/or C.O. Underwood and/or John Does #'s 1-5 were so malicious, intentional and reckless, and displayed such a reckless indifference to the Plaintiff's rights and well being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. § 1983 and § 1988, Plaintiff, Richard Martino, demands compensatory and punitive damages against Defendants Sgt.'s DeVault and/or John Doe # 1 and Defendants R/T Officers Martin and/or Mullen and/or Stiles and/or Lopatin and/or C.O. Underwood and/or John Does #'s 1-5, jointly and/or severally, in an amount to compensate the Plaintiff fairly and adequately for his injuries, plus interest, costs, attorney's fees and other appropriate relief.

<u>**COUNT III – 42 U.S.C. § 1983**</u>
<u>**DUE PROCESS CLAUSE – CONSPIRACY**</u>
<u>**PLAINTIFF v. SGT'S DEVAULT and JOHN DOE # 1, R/T OFFICERS MARTIN, MULLEN, STILES, LOPATIN and C.O. UNDERWOOD and JOHN DOES #'S 1-5**</u>

58. All the preceding paragraphs are fully incorporated herein by reference.

59. Defendants Sgt.'s DeVault and John Doe # 1, and Defendants R/T Officers Martin, Mullen, Stiles, Lopatin, C.O. Underwood and John Does #'s 1-5 entered into an agreement and had a meeting of the minds regarding the use of unconstitutional force on the Plaintiff.

60. Pursuant to that agreement, Defendants Sgt.'s DeVault and John Doe # 1, and Defendants R/T Officers Martin, Mullen, Stiles, Lopatin, C.O. Underwood and John Does #'s 1-5 acted in concert to take the Plaintiff to the floor, punch him, twist his left ankle, pull his left thumb and right fingers backward, and continue to twist and pull even after the Plaintiff was restrained.

61. Defendants Sgt.'s DeVault and John Doe # 1, and Defendants R/T Officers Martin, Mullen, Stiles, Lopatin, C.O. Underwood and John Does #'s 1-5 entered into a conspiracy to violate the Plaintiff's Due Process rights by using excessive force on him.

62. As a direct and proximate cause of the intentional and/or reckless actions of Defendants Sgt.'s DeVault and/or John Doe # 1 and Defendants R/T Officers Martin and/or Mullen and/or Stiles and/or Lopatin and/or C.O. Underwood and/or John Does #'s 1-5, the Plaintiff suffered injuries that are described above.

63. The above-described actions of Defendants Sgt.'s DeVault and/or John Doe # 1 and Defendants R/T Officers Martin and/or Mullen and/or Stiles and/or Lopatin and/or C.O. Underwood and/or John Does #'s 1-5 were so malicious, intentional and reckless, and displayed such a reckless indifference to the Plaintiff's rights and well being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. § 1983 and § 1988, Plaintiff, Richard Martino, demands compensatory and punitive damages against Defendants Sgt.'s DeVault and/or John Doe # 1 and Defendants R/T Officers Martin and/or Mullen and/or Stiles and/or Lopatin and/or C.O. Underwood and/or John Does #'s 1-5, jointly and/or severally, in an amount to compensate the Plaintiff fairly and adequately for his injuries, plus interest, costs, attorney's fees and other appropriate relief.

**COUNT IV – 42 U.S.C. § 1983**
**DUE PROCESS CLAUSE – SUPERVISORY LIABILITY**
**PLAINTIFF v. SGT'S DEVAULT and JOHN DOE # 1**

64. All the preceding paragraphs are fully incorporated herein by reference.

65. Defendants Sgt.'s DeVault and/or Sgt. John Doe # 1 were supervisors of Defendants R/T Officers Martin and/or Mullen and/or Stiles and/or Lopatin and/or C.O. Underwood and/or John Does #'s 1-5.

66. At the time of incident, Defendants Sgt. DeVault and/or Sgt. John Doe # 1 were standing in or near the open doorway to the room where the incident occurred and stood there the entire incident.

67. While Defendants Sgt.'s DeVault and/or Sgt. John Doe # 1 were standing at or near the open doorway to the room where the incident occurred, they directed Defendants R/T Officers Martin and/or Mullen and/or Stiles and/or Lopatin and/or C.O. Underwood and/or John Does #'s 1-5 to use force against the Plaintiff.

68. While Defendants Sgt.'s DeVault and/or Sgt. John Doe # 1 were standing at or near the open doorway to the room where the incident occurred, they observed the entire incident and had knowledge of Defendants R/T Officers Martin and/or Mullen and/or Stiles and/or Lopatin and/or C.O. Underwood and/or John Does #'s 1-5 use of unconstitutional/excessive force on the Plaintiff and condoned and/or acquiesced in that unconstitutional use of force, and did nothing to stop it notwithstanding their constitutional duty to do so.

69. As a direct and proximate cause of the intentional and/or reckless actions of Defendants Sgt. DeVault and/or Sgt. John Doe # 1, the Plaintiff suffered injuries that are described above.

70. The above-described actions of Defendants Sgt.'s DeVault and/or Sgt. John Doe # 1 were so malicious, intentional and reckless, and displayed such a reckless indifference to the Plaintiff's rights and well being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. § 1983 and § 1988, Plaintiff, Richard Martino, demands compensatory and punitive damages against Defendants Sgt.'s DeVault and/or Sgt. John Doe # 1, jointly and/or severally, in an amount to compensate the Plaintiff fairly and adequately for his injuries, plus interest, costs, attorney's fees and other appropriate relief.

### COUNT V – 42 U.S.C. § 1983
### DUE PROCESS CLAUSE – *MONELL* CLAIM
### PLAINTIFF v. COUNTY OF SALEM AND WARDEN CUZZUPE

71. All the preceding paragraphs are fully incorporated herein by reference.

72. Defendant, County of Salem, by and through Warden Cuzzupe, who had final decision making authority regarding all polices/procedures/customs/training related to the job duties of the Response Team and Correctional Officers, including Defendants R/T Officers Martin and/or Mullen and/or Stiles and/or Lopatin and/or C.O. Underwood and/or John Does #'s 1-5, had an unconstitutional policy/practice/custom of failing to have adequate policies/practices/procedures, and training related to the requirement that RT Officers and Correctional Officers de-escalate or defuse volatile situations with inmates, and also regarding the proper use of, and constitutional limits on control holds, and more generally what constitutes excessive force on pre-trial detainees in violation of their rights under the Due Process Clause.

73. Defendants, County of Salem and Warden Cuzzupe have adopted and maintained a policy/practice/custom of condoning/acquiescing in the unconstitutional use of force on pre-trial detainees such as the Plaintiff, which has created an atmosphere of acceptance of the unconstitutional practice as evidenced by the fact that Sgt. DeVault and/or Sgt. John Doe # 1 stood around and watched the unconstitutional use of force by Defendants R/T Officers Martin and/or Mullen and/or Stiles and/or Lopatin and/or C.O. Underwood and/or John Does #'s 1-5 and did nothing to stop it, but instead encouraged it in violation of the Plaintiff's rights under the Due Process Clause.

74. Defendants, County of Salem and Warden Cuzzupe have adopted and maintained a policy/practice/custom of failing to adequately investigate and discipline R/T Officers and

Correctional Officers who use excessive force against the pre-trial detainees in violation of their rights under the Due Process Clause as evidenced by the fact that notwithstanding an investigation, which had no teeth, Defendants R/T Officers Martin and/or Mullen and/or Stiles and/or Lopatin and/or C.O. Underwood and/or John Does #'s 1-5 were exonerated for the use of excessive force on the Plaintiff.

75. The need for policies/practices/customs and training related to a R/T Officer/Correctional Officers duty to de-escalate a tense encounter with a pre-trial detainee to avoid the use of force, and to properly use control holds to avoid serious injury is so obvious, and the adequacy of Defendants, County of Salem's and Warden Cuzzupe's existing policies/training so likely to result in the violation of pre-trial detainee's constitutional rights, that Defendants County of Salem's and Warden Cuzzupe's failure to have adequate policies/training constituted deliberate indifference to the Plaintiff's constitutional rights to safety and to be free from the use of excessive force.

76. The unconstitutional polices/practices/customs of Defendants County of Salem and Warden Cuzzupe were the moving force or proximate cause of the violation of the Plaintiff's Due Process rights and injuries.

**WHEREFORE**, pursuant to 42 U.S.C. § 1983 and § 1988, Plaintiff, Richard Martino, demands compensatory damages against Defendants County of Salem and/or Warden Cuzzupe in an amount to compensate the Plaintiff fairly and adequately for his injuries, plus interest, costs, attorney's fees and other appropriate relief.

### COUNT V – STATE LAW
### ASSAULT AND BATTERY
### PLAINTIFF v. ALL DEFENDANTS

77. All the preceding paragraphs are fully incorporated herein by reference.

78. Defendants intended to cause harm to the Plaintiff, and did cause harm to the Plaintiff, when they forced him to ground, punched him, twisted his ankle and pulled back his left thumb and right fingers without his consent.

79. The aforementioned conduct of Defendants was an unauthorized invasion of the Plaintiff's person and constituted an assault and battery.

80. The aforementioned conduct of Defendants were deliberate acts, and Defendants knew or should have known that they posed a high risk of or probability of harm to the Plaintiff and the conduct constituted willful misconduct and reckless indifference to the Plaintiff's safety and well being.

81. As a direct and proximate cause of the intentional and/or reckless actions of Defendants the Plaintiff suffered injuries that are described above.

82. The above-described actions of Defendants were so malicious, intentional and reckless, and displayed such a reckless indifference to the Plaintiff's rights and well being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. § 1983 and § 1988, Plaintiff, Richard Martino, demands compensatory and punitive damages against all Defendants, jointly and/or severally, in an amount to compensate the Plaintiff fairly and adequately for his injuries, plus interest, costs, attorney's fees and other appropriate relief.

RESPECTFULLY SUBMITTED,

BY: __s/ Thomas Bruno_____
THOMAS BRUNO, ESQUIRE
ATTORNEY FOR PLAINTIFF